UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WDS, INC. | ) | CASE NO. 05-30198(1)(7) |
| Debtor | ) | |
| | ) | |

### MEMORANDUM-OPINION

This matter came before the Court for a hearing on the Motion of Debtor WDS, Inc. ("Debtor"), to Alter or Amend the Orders of September 28, 2005 and October 4, 2005 and for the Court to Approve Attorney's Application for Employment, *Nunc Pro Tunc*, the Application to Employ Timothy Dennison as Attorney for the Estate and the Objection of the U.S. Trustee to Motion to Alter or Amend the Orders of October 4, 2005 and for the Court to Approve Attorney's Application for Employment *Nunc Pro Tunc*. The Court considered the arguments of counsel at the hearing and the written submissions of the parties and for the following reasons **DENIES** Debtor's Motions.

### FACTS

On January 13, 2005, Debtor filed its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code. As part of the Petition, Debtor's counsel, Timothy Dennison ("Mr. Dennison"), filed a Disclosure of Compensation of Attorney for Debtor which stated that prior to the filing of the Petition, counsel had received a $5,000 retainer from the Debtor.

On July 13, 2005, the Court entered an Order granting Debtor's Motion to Convert the Case to one under Chapter 7 of the United States Bankruptcy Code.

On or about August 8, 2005, the United States Trustee filed a Motion to Compel Debtor's Counsel to Turnover Retainer to Chapter 7 Trustee. This Motion was based on the fact that Mr. Dennison had failed to file an application to be employed pursuant to 11 U.S.C. §327 and that no statutorily mandated United States Trustee's fees had been paid during the pendency of the case. A hearing on that matter was scheduled for September 27, 2005.

On September 23, 2005, Mr. Dennison, filed his Application for Final Compensation seeking fees of $14,820 for the time period December 14, 2004 to September 23, 2005.

On September 27, 2005, following a hearing on the U.S. Trustee's Motion for Turnover, the Court entered an Order requiring Debtor's counsel to turnover to the Chapter 7 Trustee the $5,000 retainer less the filing fee of $839.00.

On October 4, 2005, the Court entered an Order denying Mr. Dennison's Application for Final Compensation for his services rendered during the pendency of the Chapter 11 case.

On October 7, 2005, Mr. Dennison filed the Application by Debtor's Attorney to be Appointed Attorney for the Debtor's Estate and the Motion to Alter or Amend the Orders of September 28, 2005 and October 4, 2005 and for the Court to Approve Attorney's Application for Employment, *Nunc Pro Tunc*. The United States Trustee filed its Objection to the Application to Employ and the Motion to Reconsider on October 31, 2005. Following a hearing held November 29, 2005, the matters were taken under submission.

## LEGAL ANALYSIS

This case was initiated as a Chapter 11 case. Although counsel for the Debtor complied with 11 U.S.C. §329 by filing a statement of the compensation he received from the Debtor in the year prior to the filing of Debtor's Petition, Debtor's counsel did not seek an order approving his

2

employment on behalf of the estate as required by 11 U.S.C. §327. Debtor's counsel now requests the Court to approve his employment retroactively or *nunc pro tunc*.

Section 327 of Title 11 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure require professionals including attorneys, to obtain court approval prior to being employed on behalf of the estate. Bankruptcy courts, however, possess equitable power to grant an order giving retroactive approval or *nunc pro tunc* approval of the hiring of a professional. Only extraordinary circumstances will justify excusing the Code's pre-approval requirement for employment of professionals. In re Aultman Enterprises, 264 B.R. 485 (E.D. Tenn. 2001).

Debtor's counsel correctly notes the factors considered by bankruptcy courts in this jurisdiction in determining whether such *nunc pro tunc* employment should be permitted, citing In re Twinton Properties Partnership, 27 B.R. 817, 819 (Bankr. M.D. Tenn. 1983). While the Sixth Circuit has not yet provided guidance on what standard should be used in granting *nunc pro tunc* approval, courts in this jurisdiction have followed Twinton Properties in its requirement of the "extraordinary circumstances" test set forth therein. Aultman, 264 B.R. at 489. *Nunc pro tunc* orders regarding employment applications are to be the extraordinary exception, rather than the accepted practice. Twinton Properties, 27 B.R. at 819-820.

While Debtor's counsel satisfies most of the Twinton Properties factors, several factors are not met. First and foremost is that extraordinary circumstances for counsel's failure to file the application are absent. The record supports the finding that Debtor's counsel failed to file the application simply as an oversight. Simple neglect or mere oversight are insufficient reasons to grant such extraordinary relief. See, In re Aultman, 264 B.R. at 493; In re Arkansas Co., 798 F.2d 645, 649-50 (3d Cir. 1986) and In re Jarvis, 53 F.3d 416, 421 (1st Cir. 1995). Return of

3

compensation received is an appropriate remedy where the debtor or the attorney fails to obtain the bankruptcy court's approval of the attorney's employment. In re McDaniels, 86 B.R. 128, 129 (Bankr. S.D. Ohio 1988); In re Samford, 125 B.R. 230, 233 (E.D. Mo. 1991); In re Prime Foods of St. Croix, Inc., 80 B.R. 758, 761 (D. V.I. 1987).

Secondly, the United States Trustee moved the Court for an Order requiring Debtor's counsel to turnover the $5,000 retainer to the estate after the case was converted from a Chapter 11 case to one under Chapter 7. Prior to that Motion, counsel had not sought Court approval for his employment pursuant to 11 U.S.C. §327 or for interim or final compensation. Once the case was converted, the retainer became property of the Debtor's bankruptcy estate. Accordingly, the Court granted the U.S. Trustee's Motion for Turnover. No basis has been provided to set that Order aside.

This Court regrets denying counsel compensation for representing debtors. However, the statutory scheme in place in the Bankruptcy Code requiring prior court approval for the hiring of professionals is necessary to verify the necessity of employment and to ensure the neutrality of the person employed. In re Aultman, 264 B.R. at 489. These functions are most efficiently and effectively performed in advance of the work being performed.

Finally, the Court must deny Mr. Dennison's Application to be employed as the attorney for the estate because the case was converted from a Chapter 11 case to a case under Chapter 7 on July 13, 2005. At that time, a Trustee was appointed and only the Trustee has standing to seek Court approval of the hiring of an attorney to represent the estate pursuant to 11 U.S.C. §327(a). Michael Wheatley, the Chapter 7 Trustee appointed herein, has not sought to hire Mr. Dennison in this case. Accordingly, Mr. Dennison's Application must be **DENIED**.

## **CONCLUSION**

For all of the above reasons, the Motion of Debtor WDS, Inc. to Alter or Amend the Orders of September 28, 2005 and October 4, 2005 and for the Court to Approve the Attorney's Application for Employment *Nunc Pro Tunc*, and the Application to Employ Timothy Dennison as Attorney for the Estate are **DENIED**.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
 )
WDS, INC. ) CASE NO. 05-30198(1)(7)
 Debtor )
 )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated by reference herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Debtor WDS, Inc. to Alter or Amend the Court's Orders of September 28, 2005 and October 4, 2005 and for the Court to Approve Attorney's Application for Employment, *Nunc Pro Tunc*, and the Application to Employ Timothy Dennison as Attorney for the Estate, be and hereby are, **DENIED**.